```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

TERESA ROY,                    )   CASE NO. CV 15-3738-R (PJW)
                               )
          Plaintiff,           )   ORDER DISMISSING ACTION FOR
                               )   FAILURE TO PROSECUTE
     v.                        )
                               )
THE STATE OF CALIFORNIA,       )
et al.,                        )
                               )
          Defendants.          )
_____)
```

In May 2015, Plaintiff Teresa Roy lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, along with a request to proceed without prepayment of filing fees ("IFP Request"). (Doc. Nos. 1, 4.) In her Complaint, a 55-page rambling, nonsensical diatribe, she sued dozens of people for a long list of perceived grievances.[1] For example, she claimed that she was wrongfully convicted for kidnapping her own children, defamed by the media, denied Social Security, financial aid, and other benefits, denied identity theft protection by her bank, and discriminated against by her college and the campus bookstore. She further alleged that Time Warner Cable refused to honor a promotional deal, that there was a conspiracy to

---

[1] Plaintiff also attached over 150-pages of exhibits to her Complaint. (Doc. No. 1 at 56-130; Doc. No. 1-1 at 1-79.)

deny her transportation, which, ultimately, resulted in a car accident she was involved in, that she was unlawfully evicted after a Jehovah's Witness persuaded her roommate he should not live with a woman, that she was being retaliated against by having her hair cut while she was asleep, and that she was being injured in her "private areas." (Doc. No. 1.)

On July 7, 2015, Plaintiff's IFP Request was denied on the grounds that the Complaint was legally and/or factually patently frivolous and because the District Court lacked jurisdiction over her claims. (Doc. No. 16.)

Plaintiff appealed the dismissal. (Doc. No. 17.) On February 24, 2017, the Ninth Circuit Court of Appeals issued an Order vacating the dismissal and remanding the case for further proceedings. The Ninth Circuit found that, "although the district court correctly dismissed [Plaintiff's] complaint because it failed to state a claim for relief, the district court abused its discretion by dismissing the complaint without leave to amend because it is not clear that amendment would be futile." (Doc. No. 23 at 2.) Further, while Plaintiff failed to allege facts sufficient to state claims for false arrest, malicious prosecution, and wrongful conviction, the Ninth Circuit found that she "may be able to state one or more of those claims by alleging that her criminal conviction was dismissed and expunged." (Doc. No. 23 at 2.)

On November 7, 2017, the Ninth Circuit issued its Mandate. (Doc. No. 24.)

On November 27, 2017, the Court issued an Order reopening the case and granting Plaintiff leave to file a First Amended Complaint curing the defects outlined in the Court's order. (Doc. No. 26.)

In December 2017, Plaintiff filed a First Amended Complaint. (Doc. No. 27.) This pleading was actually three separate pleadings. The first was labeled, "Amended Complaint to Submit Supporting Documents of Dismissal of Criminal Conviction and Upon Which Exigent Relief Can Be Granted." In it, Plaintiff alleged that her conviction for kidnapping her kids had been dismissed and she attached exhibits that seem to support that claim. She also alleged an "indirect infringement" claim but did not identify which defendants she is referring to or what the infringement is. In the second document, she complained that the case should be assigned to District Judge John Kronstadt and Magistrate Judge Jean Rosenbluth because the case involved "violations against federal rules and regulations, pertaining to the U.S. Social Security Administration, and the 'ADR' Program may not be referred to this panel . . . ." (Doc. No. 27 at 5.) In the final pleading, she explained that she has moved from California to Nevada since filing this action and has had problems getting her Social Security check. She seeks sanctions against the Social Security Administration for reducing her monthly benefits, a fix to her financial ruin and impending eviction and homelessness, and an order precluding the government from retaliating against her. (Doc. No. 27 at 18-19.)

On January 18, 2018, the Court issued an order dismissing the First Amended Complaint ("FAC").[2] The Court concluded that the causes of actions against a number of different defendants do not appear to be related in a legal sense and, therefore, cannot be joined in one

---

[2] The order was sent to Plaintiff's Palmdale, California address and to her Las Vegas, Nevada address. The mail addressed to "Palmdale, California" was returned with a notation on the envelope "Return to Sender Unable to Forward." (Doc. No. 29.)

lawsuit. The Court granted Plaintiff an opportunity to file a Second Amended Complaint no later than February 28, 2018, to attempt to state a cognizable claim. (Doc. No. 28.) Plaintiff failed to do so.

On March 12, 2018, the Court ordered Plaintiff to show cause by April 6, 2018, as to why the case should not be dismissed for failure to prosecute and/or comply with the Court's previous order. (Doc. No. 30.) Plaintiff did not respond to that order, either. In fact, she has not filed anything since December 2017.

It is well established that a district court has the authority to dismiss an action for failure to prosecute and/or for failure to comply with court orders. Fed. R. Civ. P 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court has authority to dismiss case for lack of prosecution in order to prevent undue delays in disposition of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (finding district courts have authority to dismiss for failure to comply with court order). The Court considers five factors in evaluating whether dismissal is appropriate: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

In this case, both the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh strongly in favor of dismissal. It appears that Plaintiff is no longer interested in pursuing this action and has not filed anything

since December 2017, despite the Court's orders to do so and subsequent promptings when she failed. As a result, the case has come to a complete standstill.

As to the third factor, prejudice to Defendants, this, too, weighs in favor of dismissal. Although Defendants have not yet been served in this action--because there is no operative complaint--as time goes by, witnesses' memories will likely begin to fade and Defendants may suffer prejudice as a result. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits."). But that factor alone is not sufficient to overcome the other four.

Finally, the fifth factor--the availability of less drastic alternatives--also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, e.g., monetary sanctions because Plaintiff is proceeding IFP (and, therefore, does not have any money to pay sanctions) and because her refusal to comply with orders of the Court suggests that nothing the Court can do or say will compel her to act.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 293 F.3d at 643 (same).

IT IS SO ORDERED.

DATED:     May 3, 2018

                                          MANUEL REAL
                                          UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\Ord_dismiss.failure prosecute.wpd